UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARCIA WALKER,      )<br>          Plaintiff,      )<br>                )<br>-v-              )<br>                )<br>COMMISSIONER OF SOCIAL SECURITY,   )<br>          Defendant.      )<br>_____) | No. 1:11-cv-375<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Marcia Walker filed a complaint seeking judicial review of an adverse final decision by an Administrative Law Judge (ALJ) for her request for Supplemental Security Income benefits. The Magistrate Judge submitted a report (ECF No. 18) recommending the Commissioner's decision be affirmed. Walker filed objections. (ECF No. 19.) This Court has reviewed the record and relevant legal authority.

A district court judge reviews de novo the portions of the report and recommendation (R&R) to which objections have been filed. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court finds the Magistrate Judge's proposed factual findings are supported in the record and the proposed conclusions of law are sound. The recommendations contained in the R&R are well reasoned and well supported. A de novo review of the issues identified in Walker's objections do not require the Court to alter or reject the Magistrate Judge's recommendations. The ALJ posed hypothetical questions that articulated the limitations which the ALJ ultimately incorporated into

his assessment of Walker's residual functioning capacity (RFC).[1]  (R&R 23.)  The ALJ did not err when he declined to give Dr. Kirchhaine's opinion less than full weight.[2]  (R&R 19-20.)  The ALJ had a proper basis for discounting Walker's subjective allegations.[3]  (R&R 20-22.)

One additional comment is necessary.  Walker argues that the Magistrate Judge misstated the law (R&R 21) in quoting *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).  The Court notes, in the paragraph prior to the alleged misstatement of the law, the R&R discusses the *Duncan* standard (R&R 21), and accurately stated the two different means by which a plaintiff might corroborate subjective complaints with objective medical evidence.  The R&R (R&R 22)  further concluded that the ALJ properly found that the objective medical evidence and physical examinations did not support Walker's subjective descriptions of the severity of her symptoms.  *See* 20 C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.") Walker's objections on this point do not compel a different conclusion.

Accordingly, the Report and Recommendation (ECF No. 18) is **ADOPTED** over objections as the opinion of this Court.  The Commissioner's decision is **AFFIRMED. IT IS SO ORDERED.**


Date:   December 17, 2012                         /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge

---

[1] Walker's first objection. (Obj. 4-7.)

[2] Walker's second objection. (Obj. 7-14.)

[3] Walker's third objection.  (Obj. 14-21.)